IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,998-09






EX PARTE REGINALD DONELL RICE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W366-83058-06 IN THE 366TH JUDICIAL DISTRICT COURT


FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his
conviction. Rice v. State, No. 05-07-00704-CR (Tex. App. - Dallas, August 14, 2008, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to present or obtain a ruling on Applicant's pre-trial motion to suppress evidence, and
failed to preserve the issue by objecting to the evidence when it was introduced at trial. Applicant
alleges that the evidence in question was obtained pursuant to an unconstitutional search, seizure,
and arrest. Applicant alleges that there was evidence that he was not competent to stand trial. He
also alleges that the State obtained information about his defense strategy, and evidence that was
used against him at trial by tampering with his legal mail. Applicant also alleges that his punishment
was improperly enhanced without the appropriate notice to the defense, but that his counsel waived
the error by pleading "true" to the enhancement allegations against Applicant's wishes. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel filed a motion to suppress
evidence prior to trial, and what the basis for such motion was. If a motion to suppress was filed,
the trial court shall make findings as to why counsel did not present or obtain a ruling on the motion
before trial, and why counsel did not object to the introduction of the evidence at trial. The trial
court shall make findings as to whether counsel was aware of any information that would lead him
to question Applicant's competence to stand trial, or his sanity at the time of the offense. The trial
court shall also make findings as to whether counsel was aware of any interference with Applicant's
legal mail, and as to whether the attorney-client privilege was violated by such interference. The trial
court shall supplement the record with the written notice of the State's intention to seek enhanced
punishment, and shall make findings as to when such notice was provided to Applicant. The trial
court shall make findings as to whether the defense objected to the enhancement or requested a
continuance when notice of the State's intention to seek enhanced punishment was given. The trial
court shall make findings as to whether Applicant indicated a desire to plead "not true" to the
enhancement allegations, and if so, whether counsel plead "true" to the allegations against
Applicant's wishes. The trial court shall make findings as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 9, 2009

Do not publish